UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLIFFORD ALVES JR. AND<br>TROY SIMOES<br><br>      *Plaintiffs,*<br>V.<br><br>CITY OF GLOUCESTER,<br>THE GLOUCESTER POLICE<br>DEPARTMENT, AND<br>POLICE CHIEF<br>LEONARD CAMPANELLO<br>      *Defendants.* | DOCKET NO. 1:18-cv-10654-MPK |

**PLAINTIFFS' JOINT RESPONSE TO THE DEFENDANTS'**
**RULE 12(b)(6) MOTION TO DISMISS**

The Defendants have moved the Court to dismiss the above-numbered First Amended Complaint (hereinafter, the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. While the Defendants have chosen to file separate motions and memorandums for each of the two Plaintiffs, their arguments are essentially the same in both and therefore the Plaintiffs respond jointly herein. In any event, the Defendants' motion for dismissal lacks merit and ought to be denied.

1. **Standard Used When Considering a Motion to Dismiss.**

"To survive a motion to dismiss under Rule 12(b)(6), the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' \*\*\* In considering a motion to dismiss under Rule 12(b)(6), the court must 'take all factual allegations as true and. . .draw all reasonable inferences in favor of the plaintiff.' \*\*\* An entitlement to relief is 'plausible' if the facts 'raise a reasonable expectation that discovery will reveal evidence' of the alleged misconduct, 'even if it strikes a savvy judge that actual proof of

those facts is improbable, and that recovery is very remote and unlikely.'" *O'Hara v. Diageo-Guinness et al.* ___ F.Supp.2d ___, ___ (D.Mass 3-29-18) No. 15-14139-MLW (cites omitted)

2. **Salient Facts.**

While the Complaint goes into significant detail outlining many of the Defendants' actions which it is claimed violated the rights of the Plaintiffs under both named statutes and the Constitution, the essence of the factual background can be summed up as to each Plaintiff as follows:

Plaintiff Alves:

Plaintiff Alves has been docked pay because of time he takes off to attend military duties. ¶¶ 11-12.

The hierarchy of the Defendant Police Department complained to Plaintiff Alves that his military duties were interfering in his police job. ¶ 13.

When Plaintiff Alves requested vacation days from his job, Defendants responded that Plaintiff Alves' military service were his vacation days. ¶ 17.

Plaintiff Alves was constantly harassed and discriminated against by the Defendants and treated differently from other policemen by the Defendants after they first began complaining to him that his military service was interfering in his police job. ¶¶ 20-41, 48-62, 65-80.

Non-service policemen were not mistreated for the same alleged misconduct that Plaintiff Alves had allegedly done. ¶¶ 42, 44, 47, 63-64, 82.

Plaintiff Simoes

In 2013 Campanello instructed his staff to harass Plaintiff Simoes because of his obligations to the military insofar as it conflicted with his police duties. ¶ 88.

Defendants' hierarchy has continuously harassed Plaintiff Simoes to leave the military and complained that his service was costing the Defendant City money. ¶¶ 89-90, 92, 99.

The Defendant police hierarchy admitted to Plaintiff Simoes that they were instructed to harass him by their superiors because of his military service. ¶ 95.

Plaintiff Simoes failed to receive a promotion he was qualified for and had earned because of Defendant Campanello's retribution for his military service. 107-109.

Campanello deliberately saw to it that Plaintiff Simoes wasn't timely paid for his police work in retaliation for his military service. ¶¶ 110-113.

The harassment became so great that Plaintiff Simoes resigned from his military service rather than continuously suffer in his civilian job. ¶ 114.

Plaintiff Simoes later became a union representative, and also filed grievances against the Defendants, and these acts resulted in additional harassment and threats from some of the Defendants. ¶¶115-*et seq.*

3. **The Complaint Contains Claims For Which Relief Can Be Granted and Should Not Be Dismissed.**

Taking into consideration the salient facts stated in the complaint and referenced in summation above, and the scope of Title 38 USC §§ 4301 *et seq.*, the *Uniformed Services Employment and Reemployment Act* (hereinafter, "USERRA") and the constitutional rights of the Plaintiffs, the Plaintiffs submit that based on the facts alleged in their complaint they are entitled to relief. More importantly, the Complaint has stated sufficient facts to allow the case to proceed to a trial where fact-finders can then make a determination whether the facts stated in the Complaint and those still to be shown, demonstrate that the Plaintiff's statutory and constitutional rights were violated by the Defendants.

### a. Plaintiffs have established a *prima facie* showing of violations of USERRA

USERRA was enacted for the purpose, *inter alia*, "to encourage noncareer service in the uniformed services by *eliminating or minimizing the disadvantage to civilian careers and employment which can result from such service*" and "to *prohibit discrimination against persons because of their service in the uniformed services.*" § 4301(a)(1)(3) (emphasis added). USERRA supersedes all other laws, including any State laws or those of their political subdivisions. § 4302(b). It applies to all of a State's political entities. §§ 4303(4)(A)(iii), 14.

USERRA prohibits employers from discriminating against persons who are serving in the uniformed services and of performing any acts of reprisal against them on account of such service. § 4311. Among other things, because of a person's service in the military, an employer is prohibited from denying the person a "promotion, or any benefit of employment", *id.* at (a), "discriminate in employment against or take any adverse employment action against any person" because such person "has exercised a right provided for in this chapter," *id.* at (b), or the person's military service "is a motivating factor in the employer's action, *unless the employer can prove that the action would have been taken* regardless of the military service, *id.* (c)(11) (emphasis added). In regard to this latter subsection, the burden is upon the employer to prove that their action was not related to the military service once a plaintiff has made a *prima facie* showing.

Additionally, under USERRA, a person has to be placed into the same position they would have obtained absent the military service, and be given all the seniority, pay status, etc. they would have earned. §§ 4313(a)(2), 4316(a),(b). In the instant case, Plaintiffs have alleged that their military service was a motivating factor in their employer's negative actions and conduct towards them, and have established a *prima facie* basis upon which relief can be granted.

It borders on the frivolous for the Defendants to claim in their Motion that the facts alleged in the Complaint, if true, do not demonstrate a violation of USERRA. Throughout their years of military service the Defendant's repeatedly placed Plaintiffs on notice that they were displeased with the Plaintiff's military service and then retaliated, harassed and treated them differently because of that service. A neutral fact-finder could make such a determination, and equally find that the subsequent actions of the Defendants were retaliation for the Plaintiffs' military service. Any retribution, retaliation, harassment, or adverse treatment of the Plaintiffs by the Defendants because the Plaintiffs were serving their country in the military is forbidden by USERRA. There are more than sufficient facts stated in the Complaint from which a finder of fact could determine that USERRA was violated and that relief for Plaintiffs is warranted, therefore, Defendants' motion to dismiss should be denied.

### b. Defendants have violated Plaintiffs' due process and equal protection rights

It goes without saying that the Plaintiffs had a right that the Defendants obey the law as spelled out in USERRA. The Plaintiffs had a due process right to have the law applied to them and not be discriminated against and harassed because of their military service and duties. Moreover, the Plaintiffs had a constitutional right to Equal Protection and Treatment under USERRA to not be treated differently because of their status as military service members; which occurred when non-service members received no or lesser punishment for the same alleged infractions and conduct. When a governmental entity or its personnel fail to follow the law and treat employees differently, than required by statute, such treatment is always a violation of a process that is due and treatment and protection that is not equal. *Willhauch v. Halpin,* 953 F.2d 689,703 (1st Cir. 1991) (Action under § 1983 warranted when plaintiff shows state officials violated their federal constitutional or statutory rights). The constitutional rights that are at stake

in such a complaint are well-established and need no further elucidation in a complaint. *See, e.g. Collins v. City of Harket Heights, Tex.*, 503 U.S. 115, 119 (1992) (Equal Protection and Due Process clauses in Constitution give government employees protection under § 1983). Moreover, civil rights complaints are to be liberally construed. *Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 160 F.Supp.2d 188, 197 and f.n. 5 (D.P.R. 2001). It is axiomatic that in all cases such as the instant one exactly what constitutional rights of a plaintiff are violated need not be specifically enumerated in a complaint.

## CONCLUSION

The Complaint sufficiently recites numerous examples of Defendants' actions in violation of the Plaintiffs' rights under USERRA. It contains numerous allegations that Defendants took adverse employment actions against Plaintiffs because of their status as military service members. Plaintiffs submit that violating USERRA deprives them of their due process and equal protection and treatment rights under the Constitution, all of which occurred under color of law. Whether the Defendants' actions were done in violation of USERRA are questions for a trier of facts to determine and consequently any motion to dismiss at this stage of the action is wholly premature. Therefore, based on the foregoing, the Defendants' Motion to Dismiss is frivolous and ought to be denied.

Dated: July 12, 2018

                RESPECTFULLY SUBMITTED,

                Plaintiffs, Clifford Alves and
                Troy Simoes
                By their attorneys,

                /s/ Adam B. Sloane
                Adam B. Sloane (BBO#695302)
                Chambers Law Office
                220 Broadway, Suite 404

Lynnfield, MA 01940
Tel: (781) 581-2031

-and-

/s/ Richard Chambers, Jr.
Richard C. Chambers, Jr. (BBO#651251)
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Tel: (781) 581-2031

## CERTIFICATE OF SERVICE

This hereby certifies that on July 12, 2018, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Richard C. Chambers, Jr.